```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
DANIEL AUDE, Individually and On Behalf                     :
of All Others Similarly Situated,                           :
                                                            :
                              Plaintiff,                    :      17-CV-10085 (VSB)
                                                            :
               - against -                                  :            ORDER
                                                            :
                                                            :
KOBE STEEL, LTD., HIROYA KAWASAKI                           :
YOSHINORI ONOE, AKIRA KANEKO,                               :
AND NAOTO UMEHARA,                                          :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/27/2018

<u>VERNON S. BRODERICK, United States District Judge</u>:

WHEREAS, Lead Plaintiff Daniel Aude ("Lead Plaintiff"), on behalf of himself and the members of the Settlement Class, and Kobe Steel, Ltd. ("Kobe Steel" or the "Company") (the "Settling Defendant"), by and through their respective counsel, have entered into a Stipulation and Agreement of Settlement, dated September 21, 2018 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in this Litigation; and

WHEREAS, the Court having read and considered the Stipulation, the proposed Postcard Notice of Proposed Class Action Settlement (the "Postcard Notice"), the "Notice of Proposed Settlement of Class Action" ("Notice"), including the proposed Plan of Allocation of the Net Settlement Fund among Settlement Class Members, the proposed "Summary Notice of Proposed Class Action Settlement" ("Summary Notice"), the proposed form of the Proof of Claim and Release ("Proof of Claim"), the proposed form of Order and Final Judgment, and

submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order;

THEREFORE, IT IS HEREBY ORDERED that:

1. Capitalized terms used herein have the meanings defined in the Stipulation.

2. The Court preliminarily approves the Settlement of the Litigation as set forth in the Stipulation, subject to the right of any Settlement Class Member to challenge the fairness, reasonableness, and adequacy of the Settlement and to show cause, if any exists, why a final judgment dismissing the Litigation based on the Stipulation should not be entered, and subject to further consideration of such matters by the Court at the hearing on final approval of the Stipulation described below.

3. The Court provisionally certifies for the purpose of effectuating the proposed Settlement set forth in the Stipulation a Settlement Class comprised of all persons and entities who purchased or otherwise acquired American Depository Receipts ("ADRs") or ordinary shares of Kobe Steel on the open market in the United States during the period from May 29, 2013 through and including March 5, 2018, and were allegedly damaged thereby. Excluded from the Settlement Class are the Settling Defendant and individual defendants Hiroya Kawasaki, Yoshinori Onoe, Akira Kaneko, and Naoto Umehara (collectively, the "Defendants"), members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any Defendant or excluded person has or had a controlling interest. Also excluded from the Settlement Class are those persons who file valid and timely requests for exclusion in accordance with the Stipulation and this Court's Order Preliminarily Approving Settlement and Providing Notice ("Preliminary Approval Order"). This conditional certification of the Settlement Class shall be binding only with respect to the Settlement of the Litigation and

shall be withdrawn if the Effective Date does not occur for any reason and/or the Settlement is not consummated according to its terms.  By entering into the Stipulation and assenting to entry of this order and the proposed Order and Final Judgment, the Settling Defendant has not waived any rights with respect to any arguments they might make in opposition to a motion for class certification in the event that the Effective Date does not occur and/or the Settlement is not consummated according to its terms.

4. A hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e) shall be held before the Court on Thursday, February 21, 2019 at 11:00 a.m. for the following purposes:

    a. to consider whether the Litigation satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) for the purpose of effectuating the Settlement;

    b. to finally determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

    c. to finally determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Litigation on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Parties as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any claims extinguished by the release;

    d. to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

    e. to consider the application of Lead Plaintiff's Counsel for an award of Attorneys' Fees and Expenses and an Award to Lead Plaintiff;

    f. to consider any Settlement Class Members' objections to the Settlement, whether submitted previously in writing or presented orally at the Final Settlement Hearing by Settlement Class Members (or by counsel on their behalf); and

    g. to rule upon such other matters as the Court may deem appropriate.

  5. The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement with or without modification and with or without further notice of any kind.  The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded any Attorneys' Fees and Expenses or Award to Lead Plaintiff.

  6. The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

  7. The Court approves the form, substance, and requirements of (a) the Postcard Notice, (b) the Notice, (c) the Summary Notice and (d) the Proof of Claim, all of which are exhibits to the Stipulation.

  8. Lead Plaintiff's Counsel has the authority to enter into the Stipulation on behalf of the Settlement Class and is authorized to act on behalf of the Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation

or such other acts that are reasonably necessary to consummate the Settlement.

9. Any Settlement Class Member may enter an appearance in the Litigation at his, her or its own expense, individually or through counsel of his, her or its own choice. Settlement Class Members who do not enter appearances shall be represented by Lead Plaintiff's Counsel. Any Settlement Class Member who anticipates the need and wishes to appeal any aspect of the Stipulation or Settlement should formally move to intervene as a party under Rule 24 of the Federal Rules of Civil Procedure.

10. A.B. Data, Ltd. is approved as the Claims Administrator for the Settlement.

11. Lead Plaintiff's Counsel, through the Claims Administrator, shall cause the Postcard Notice, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, within twenty-one (21) calendar days of the entry of this Order, to all Settlement Class Members who can be identified with reasonable effort by the Claims Administrator.

12. Lead Plaintiff's Counsel are authorized to establish a Notice and Administration Account (as defined in the Stipulation) of $30,000 (Thirty Thousand Dollars), to be used for reasonable out-of-pocket costs in connection with providing notice of the Settlement to the Settlement Class and for other reasonable out-of-pocket administrative expenses. After the Effective Date, additional amounts may be transferred from the Settlement Fund to the Notice and Administration Account.

13. Within seven (7) calendar days of the entry of this Order, Kobe Steel shall provide or cause to be provided to Lead Plaintiff's Counsel or the Claims Administrator in electronic format, such as Excel (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator), any data in its possession from shareholder transfer records containing the names and addresses of record holders who purchased Kobe Steel ADRs in the United States on the open

market during the Settlement Class Period.

14. Lead Plaintiff's Counsel, through the Claims Administrator, shall also make all reasonable efforts to give notice to nominee owners such as brokerage firms and other persons and entities that purchased Kobe Steel ADRs or ordinary shares on the open market in the United States during the Class Period. Within ten (10) calendar days after receiving the Postcard Notice, such nominee purchasers are directed to forward copies of the Postcard Notice to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and in the latter case, the Claims Administrator is ordered to send the Postcard Notice promptly to such beneficial owners. Additional copies of the Postcard Notice shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Postcard Notice to beneficial owners (but in no event greater than $0.75 per beneficial owner). In addition, promptly upon execution of this Order, the Notice shall be made available for review on the Claims Administrator's website.

15. Lead Plaintiff's Counsel shall, at or before the Settlement Hearing, serve upon Defendants' Counsel, and file with the Court, proof of mailing of the Postcard Notice, both to Settlement Class Members and to nominees.

16. Lead Plaintiff's Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on *PR Newswire* within seven (7) calendar days after the initial mailing of the Postcard Notice. Lead Plaintiff's Counsel shall, at or before the Settlement Hearing, serve upon Defendants' Counsel and file with the Court proof of publication of the Summary Notice.

17. The forms and methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms of the Settlement, including the release provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

18. In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

    a. A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than one hundred twenty (120) calendar days from the date of this Order. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address

designated in the Notice.

b. The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Plaintiff's Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

c. Once the Claims Administrator has considered a timely-submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise

        rejected shall be afforded a reasonable time (at least seven (7) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

    d.    For the filing of and all determinations concerning their Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court.

19.    All Settlement Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects by subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

20.    Settlement Class Members shall be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A Settlement Class Member wishing to make such request shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than twenty (20) calendar days prior to the Settlement Hearing, to the Claims Administrator at the Post Office Box indicated in the Notice.  Such request for exclusion shall clearly indicate the name and address and phone number and e-mail contact information (if any) of the person seeking exclusion, state that the sender specifically requests to be excluded from the Settlement Class, and must be signed by such person.  Such persons and entities requesting exclusion are also required to specify all their purchases of Kobe Steel ADRs or ordinary shares on the open market in the United States during the Class Period, including the date, number of ADRs and/or shares and price of the ADRs and/or shares purchased or sold and include account documentation substantiating such

purchases and sales. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Lead Plaintiff's Counsel may contact any person or entity filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion. Requests for exclusion must be filed no later than twenty (20) calendar days prior to the Settlement Hearing.

21. Settlement Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund.

22. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the application for Attorneys' Fees and Expenses and any payment to Lead Plaintiff, only if such comments or objections and any supporting papers are served to be received at least twenty (20) calendar days prior to the Settlement Hearing, upon each of the following:

    **CLASS COUNSEL:**
    Robert C. Finkel
    WOLF POPPER LLP
    845 Third Avenue
    New York, NY 10022
    Tel: 212-759-4600
    Fax: 212-486-2093

    **COUNSEL FOR DEFENDANTS:**
    William F. Sullivan
    PAUL HASTINGS LLP
    515 S. Flower Street, 25th Floor
    Los Angeles, CA 90071
    Tel: (213) 683-6000
    Fax: (213) 996-3252

and the objector has (by that same date) filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court,

Southern District of New York, 40 Foley Square, New York, New York 10007. Attendance at the Settlement Hearing is not necessary but persons wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, and/or the application for Attorneys' Fees and Expenses or Award to Lead Plaintiff are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

23. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application for an award of Attorneys' Fees and Expenses and a payment to Lead Plaintiff.

24. The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

25. All papers in support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Lead Plaintiff shall be filed and served thirty-five (35) calendar days before the Settlement Hearing.

26. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Lead Plaintiff shall be filed no later than seven (7) calendar days prior to the Settlement

11

Hearing.

27. Pending final determination of whether the Settlement should be approved, all Settlement Class Members, and each of them, and anyone acting or purporting to act for any of them, shall be enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of, any Settled Claims. In addition, the Litigation is stayed.

28. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Lead Plaintiff regarding the merits of the claims made in the Litigation. Neither the Stipulation nor any of the terms and provisions of the Settlement set forth therein, nor any statements made, acts performed or documents executed in the negotiation of, pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or truth of any of the allegations in the Litigation or the validity of any of the Released Claims, or of any fault, wrongdoing or liability of any of the Defendants and their Related Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants and their Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

29. In the event the Settlement is not consummated pursuant to its terms, the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order, shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed before the execution of the Stipulation, pursuant to the terms of the Stipulation.

30. The Court retains exclusive and specific jurisdiction over Lead Plaintiff, the Settlement Class Members, and Kobe Steel to consider all further matters arising out of, or relating to, the Settlement, including by way of illustration and not limitation, any dispute concerning any Proof of Claim filed by any Settlement Class Member and any future requests by Lead Plaintiff, the Settlement Class Members, or Kobe Steel that the Final Order and Judgment, the Release and/or the permanent injunction set forth in the Stipulation be enforced. Notwithstanding the foregoing, by entering into the Stipulation and Settlement, Lead Plaintiff, the Settlement Class Members, and Kobe Steel shall not be deemed to be have submitted generally to the jurisdiction of the Court or to the State of New York or for any purpose.

SO ORDERED.

Dated: November 27, 2018
New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge