UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                  :

DANIEL AUDE, Individually and On Behalf  :
of All Others Similarly Situated,              :
                                                                  :
                                Plaintiff,      :          17-CV-10085 (VSB)

         - against -               :          **ORDER AWARDING ATTORNEYS'**
                                                                 :          **FEES AND REIMBURSEMENT OF**
                                                                 :          **EXPENSES TO PLAINTIFF'S**
KOBE STEEL, LTD., HIROYA KAWASAKI :    **COUNSEL AND AN AWARD TO**
YOSHINORI ONOE, AKIRA KANEKO,      :          **LEAD PLAINTIFF**
AND NAOTO UMEHARA,                   :
                                                                 :
                              Defendants.  :
                                                                  :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

       This matter came on for hearing on February 21, 2019 (the "Settlement Hearing") on Lead Plaintiff's motion for final approval of the Stipulation and Agreement of Settlement dated September 21, 2018 achieved in the above-captioned class action (the "Settlement"), and approval of the award of attorneys' fees and reimbursement of litigation expenses, and award to the Lead Plaintiff for his time and costs. I have considered all matters submitted to me at the Settlement Hearing and otherwise. It appears that notice of the Settlement Hearing substantially in the form approved by me was mailed to all Settlement Class Members who could be identified with reasonable effort and was otherwise made available on the www.kobesteelsecuritieslitigation.com website (along with other relevant Settlement-related documents published thereon, including the Stipulation); that a summary notice of the hearing substantially in the form approved by me was published electronically on *PR Newswire* pursuant to the specifications of the Court; and that all other elements of the notice program approved by me were complied with in accordance with my Order preliminarily approving the settlement and

providing notice, dated November 27, 2018 ("Preliminary Approval Order").  I have also considered the fairness and reasonableness of the requested award of attorneys' fees and reimbursement of litigation expenses and award to the Lead Plaintiff, the application for which was described in the Notice of Proposed Class Action Settlement that was previously submitted to me (the "Notice"), (Doc. 25-4), and that was disseminated to Settlement Class Members in accordance with the notice program approved by me.  Accordingly, it is hereby:

ORDERED that:

1.	All capitalized terms used herein have the same meanings as set forth and defined in the Stipulation unless otherwise provided.

2.	This Court has jurisdiction over the subject matter of the Litigation.

3.	Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, I hereby find and conclude that due and adequate notice was directed to the persons and entities who are Settlement Class Members, advising them of Lead Plaintiff's Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses and for an award to the Lead Plaintiff—specifically, that Lead Plaintiff's Counsel will request the Court to award attorneys' fees of up to 25% of the Settlement Fund, reimbursement of litigation expenses of up to $12,500, and reimbursement of time and expense for Lead Plaintiff of up to $1,000— and of their right to object thereto, and a full and fair opportunity was accorded to persons and entities who are Settlement Class Members to be heard with respect to the request for attorneys' fees, reimbursement of litigation expenses, and award to Lead Plaintiff.  The form and method of notifying the Settlement Class of the request for an award of attorneys' fees, reimbursement of litigation expenses, and award to Lead Plaintiff satisfied the requirements of Fed. R. Civ. P. 23, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4(a)(7)), due process, and

all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

    4.    Lead Plaintiff's Counsel are hereby awarded attorneys' fees in the amount of 25% of the Settlement Fund (plus a proportionate share of the interest thereon) and $5,689.46 in reimbursement of Plaintiff's counsel's litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums I find to be fair and reasonable.  Pursuant to the terms of the Stipulation (¶H.1.) Lead Plaintiff's Counsel shall allocate the attorneys' fees awarded between Plaintiff's counsel in a manner in which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.

    5.    In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, I have considered and found that:

    (a)    The Settlement has created a fund of $500,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Plaintiff's Counsel;

    (b)    The fee sought by Lead Plaintiff's Counsel has been reviewed and approved as reasonable by Lead Plaintiff, who initiated and oversaw the prosecution and resolution of the Action;

    (c)    Copies of the Notice were mailed to over 12,300 potential Settlement Class Members and nominees stating that Lead Plaintiff's Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Fund and reimbursement of litigation expenses in an amount not to exceed $12,500 and reimbursement of time and expenses for Lead Plaintiff in an amount not to exceed

$1,000, and no objections to the requested attorneys' fees and expenses or award to Lead Plaintiff were received;

(d) Lead Plaintiff's Counsel conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(e) The Action raised a number of complex issues;

(f) Had Lead Plaintiff's Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the other members of the Settlement Class may have recovered less or nothing from Defendants;

(g) Lead Plaintiff's Counsel devoted 827.0 hours, with a lodestar value of approximately $604,729.50, and other Plaintiff's counsel devoted 170.75 hours, with a lodestar value of approximately $89,644 to achieve the Settlement, such that the fee requested represents approximately 18% of Plaintiff's counsel's combined lodestar; and

(h) The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6. Lead Plaintiff Daniel Aude is hereby awarded $536.69 from the Settlement Fund as reimbursement for his reasonable time and expenses directly related to his representation of the Settlement Class.

7. Any appeal or any challenge affecting my approval regarding any attorneys' fees and expense application, with award to Lead Plaintiff, shall in no way disturb or affect the finality of the Judgment.

8. Exclusive jurisdiction is hereby retained over the parties and the Settlement

Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

9. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

10. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is respectfully directed.

SO ORDERED.

Dated: March 12, 2019
      New York, New York

_____
Vernon S. Broderick
United States District Judge