UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                :

DANIEL AUDE, Individually and On Behalf  :
of All Others Similarly Situated,               :
                                                :
                           Plaintiff,     :     17-CV-10085 (VSB)
                                                :
          - against -                  :     **ORDER AND FINAL JUDGMENT**
                                                :
                                                :
KOBE STEEL, LTD., HIROYA KAWASAKI :
YOSHINORI ONOE, AKIRA KANEKO,     :
AND NAOTO UMEHARA,                   :
                                                :
                          Defendants.  :
                                                :
-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/12/2019

VERNON S. BRODERICK, United States District Judge:

        On the February 21, 2019, I held a hearing to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated September 21, 2018 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by (i) Lead Plaintiff against (ii) Kobe Steel, Ltd. ("Kobe Steel" or the "Company") (the "Settling Defendant"), individual defendants Hiroya Kawasaki, Yoshinori Onoe, Akira Kaneko, and Naoto Umehara, (the "Individual Defendants") (collectively, "Defendants"); and (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members.

        I have considered all matters submitted to me at the hearing and otherwise. It appears that the Notice substantially in the form approved by me in my Order Preliminarily Approving Settlement and Providing For Notice ("Preliminary Approval Order") was mailed to all reasonably identifiable Settlement Class Members and otherwise made available on the www.kobesteelsecuritieslitigation.com website; and that the Summary Notice substantially in

the form approved by me in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court.  Accordingly, it is hereby:

ORDERED that:

1.     All capitalized terms used herein have the same meanings as set forth and defined in the Stipulation.

2.     The Court has jurisdiction over the subject matter of the Litigation.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, I hereby certify for purposes of this Settlement only a Class defined as all persons and entities who purchased or otherwise acquired American Depository Receipts ("ADRs") or ordinary shares of Kobe Steel in the United States on the open market during the period from May 29, 2013 through and including March 5, 2018, and were allegedly damaged thereby.  Excluded from the Settlement Class are the Defendants, members of their immediate families and their legal representatives, heirs, successors or assigns or current or former officers of Kobe Steel and any entity in which any Defendant or excluded person has or had a controlling interest.  Also excluded from the Settlement Class are those persons who file valid and timely requests for exclusion in accordance with the Preliminary Approval Order.

4.     I hereby find that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice.  No

Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.  I further find that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.  Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment except those persons and entities listed on Exhibit A to this Order and Final Judgment.

5. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Settlement Class Members.  Lead Plaintiff and Settling Defendant are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6. The Litigation and the operative Complaint are hereby dismissed in their entirety, with prejudice, and without costs.

7. Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiff and each of the Settlement Class Members, on behalf of themselves, and each of their current, past and future trusts, estates, beneficiaries, heirs, joint tenants, tenants in common,  executors, administrators, trustees, predecessors, successors, partners, spouses, parents, subsidiaries, affiliates, attorneys, consultants, experts, brokers, creditors, insurers, agents, representatives, and assigns, and any Person that any of them represents, shall and by operation of this Order and Final Judgment are hereby deemed to have fully, finally, and forever released, relinquished and discharged, and are forever enjoined from prosecuting, any and all of the Settled Claims and all claims arising out of, relating to, or in connection with the Settlement, the Litigation, and/or the resolution of the Litigation against the Released Parties, whether or

not such Settlement Class Member executes and delivers the Proof of Claim and Release form or shares in the Settlement Fund,

8. Upon the Effective Date, Settling Defendant shall release and forever discharge each and every one of the Settled Defendants' Claims, and by operation of this Order and Final Judgment shall be forever enjoined from prosecuting Settled Defendant's Claims as against Lead Plaintiff, Settlement Class Members, or their attorneys, including but not limited to claims for malicious prosecution or sanctions.

9. Any order on any Plan of Allocation submitted by Lead Plaintiff shall in no way disturb or affect this Judgment and shall be considered separate from this Order and Final Judgment.

10. In accordance with 15 U.S.C. § 78u-4(f)(7) and all other applicable laws and regulations, any and all claims by any Person against any of the Defendants and/or other Released Persons for contribution or indemnification arising out of or relating in any way to any Settled Claim, or where the alleged damage to the claimant is measured by reference to the claimant's liability to any of the Lead Plaintiff and/or Settlement Class Members, are hereby permanently barred and discharged.   Further:

    (a) All claims for contribution and indemnification, however denominated, based upon or arising under the federal securities laws, state law, foreign law or common law, in favor of any Person(s) against any of the Defendants and/or other Released Parties, with respect to, arising out of, or relating in any way to the claims, allegations, transactions, and/or events that are the subject of the Litigation, and/or based upon liability for, or arising out of or relating in any way to the Settled Claims, are

    extinguished, discharged, barred, satisfied and/or otherwise unenforceable.

  (b) All Persons are hereby barred and permanently enjoined, to the fullest extent allowed by law, from asserting, instituting or prosecuting in any capacity, any claim, action or proceeding against any of the Defendants and/or other Released Parties for equitable, partial, comparative, or complete contribution, subrogation or indemnity, however denominated, based upon liability for, and/or arising out of or relating in any way to the Settled Claims, and I find that all such claims are extinguished, discharged, satisfied and made unenforceable.

  (c) Notwithstanding the foregoing, nothing in the Stipulation or this Order and Final Judgment shall apply to, bar, release or otherwise affect any claim or right to indemnification by any present or former employee, officer or director of Kobe Steel, based on contractual indemnity, corporate by-laws, or Japanese law governing indemnification of employees, directors and officers (including a claimed right for advancement of fees and costs), or any claim by any present or former employee, officer or director of Kobe Steel for indemnity or contribution arising in or from any proceeding other than this Litigation, that the Person asserting such claim would otherwise be entitled to assert in the absence of the Stipulation and Settlement and my Order and Final Judgment.

11. I find that all parties and their counsel have complied with each requirement of

Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12. This Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

 (a) described as, construed as, offered or received against any Defendant or any of the Released Parties as evidence of and/or construed as or deemed to be evidence of any presumption, concession or admission by any of them of the truth of any fact alleged by Lead Plaintiff in the Litigation, of the validity of any claim that was or could have been asserted in the Litigation, or of the deficiency of any defense that was or could have been asserted in the Litigation or in any other litigation, or of any liability, loss, damage, negligence, fault or wrongdoing whatsoever;

 (b) described as, construed as, offered or received against any Defendant or any of the Released Parties as evidence of and/or construed as or deemed to be evidence of any presumption, concession or admission by any of them that the consideration to be provided hereunder, or the proposed Plan of Allocation, represents the amount that could be or would have been awarded to Lead Plaintiff or the Settlement Class Members after trial.

13. Exclusive and specific jurisdiction is hereby retained over Lead Plaintiff, the Settlement Class Members, and Kobe Steel for all matters relating to the Settlement, including the administration, interpretation, effectuation or enforcement of the Stipulation or Settlement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Settlement Class Members.  Notwithstanding the foregoing, by entering into the

6

Stipulation and Settlement, Lead Plaintiff, the Settlement Class Members, and Kobe Steel shall not be deemed to be have submitted generally to the jurisdiction of the Court or to the State of New York or for any purpose.

14. Without further order of the Court, Settling Defendant and Lead Plaintiff may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

15. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

16. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Lead Plaintiff's Counsel's application for an award of Attorneys' Fees and Expenses and/or Award to Lead Plaintiff.

17. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void (except as provided in paragraphs E.1-3., G.1., L.4-6., M.10-11., and M.13. in the Stipulation), and the Settling Parties, together with the Individual Defendants, shall be deemed to have reverted to their respective status prior to the execution of the Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Litigation, and shall revert to their respective positions in the Litigation.

The Clerk of Court is respectfully directed to terminate the open motion at Document 31 and close the case.

SO ORDERED.

Dated: March 12, 2019
      New York, New York

                                              Vernon S. Broderick
                                              United States District Judge

**EXHIBIT A – Parties Excluded From Settlement**

None.