**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIEL AUDE, Individually and on Behalf of All Others Similarly Situated<br><br>Plaintiff,<br><br>vs.<br><br>KOBE STEEL, LTD., HIROYA KAWASAKI, YOSHINORI ONOE, AKIRA KANEKO, and NAOTO UMEHARA,<br><br>Defendants. | Case No.: 1:17-CV-10085-VSB |

**MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S**
**MOTION FOR AUTHORIZATION TO DISTRIBUTE NET SETTLEMENT FUND**

**WOLF POPPER LLP**
Robert C. Finkel
845 Third Avenue, 12th Floor
New York, NY 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093
Email: rfinkel@wolfpopper.com

*Lead Counsel for Lead Plaintiff and the Settlement Class*

Lead Plaintiff Daniel Aude respectfully submits this memorandum in support of his motion for entry of the Proposed Order Granting Authorization to Distribute Net Settlement Fund (the "Distribution Order") in the above-captioned action (the "Action")[1]. The proposed plan for distributing the Net Settlement Fund is set forth in the Declaration of the Claims Administrator in Support of Lead Plaintiff's Motion for Approval of Distribution Plan (the "Deschamps Declaration" or "Deschamps Decl."), which is being submitted on behalf of the Claims Administrator, A.B. Data ("A.B. Data" or "Claims Administrator").

If entered by the Court, the Distribution Order will, among other things, (1) approve A.B. Data's recommendations accepting and rejecting Claims submitted in the Action; (2) direct the distribution of the Net Settlement Fund to Claimants whose Claims have been accepted as valid and approved by the Court; and (3) approve A.B. Data's fees and expenses incurred in connection with the class certification and settlement phases of the Action.

## I. BACKGROUND

On March 12, 2019, the Court entered the Order and Final Judgment (ECF No. 36, the "Judgment"), granting final approval to the Settlement reached in the Action. Pursuant to the Settlement Agreement, Defendants deposited on December 3, 2018 the Settlement Amount of $500,000 in cash into escrow for the benefit of the Class. *See* Settlement Agreement, ¶B.1.a. The Net Settlement Fund consists of the $500,000 Settlement Fund plus approximately $3,214 of interest thereon, minus (i) $125,000 in attorneys' fees and $5,689 in expenses awarded by the Court (ECF No. 35, ¶4), (ii) $536 as reimbursement to the lead plaintiff for his reasonable time and expenses directly related to his representation of the Settlement Class (*id.*, ¶6), (3) $1,000 in

---

[1] Unless otherwise defined herein, all capitalized terms used herein shall have the meanings set forth in the Preliminary Approval Order (ECF 28) or the Stipulation and Agreement of Settlement, filed with the Court as Exhibit 1 to the Motion for Settlement and Providing Notice on September 24, 2018 (ECF 25-1) (the "Settlement Agreement").

escrow fees paid to the Escrow Agent, and (iv) $16,267 in fees and expenses paid to date to A.B. Data pursuant to ¶C.4 of the Settlement Agreement. A.B. Data has incurred an additional $52,925 in unpaid fees and expenses to date and estimates that it will incur an additional $12,909 in fees and expenses to complete the Initial Distribution of the Net Settlement Fund (the "Initial Distribution") in accordance with the proposed Distribution Plan set forth below. Therefore, the sum of $288,888 will remain for distribution from the Net Settlement Fund. Deschamps Decl. ¶4. The Effective Date of the Settlement has occurred and the Net Settlement Fund may be distributed to Authorized Claimants pursuant to Order of this Court. *See* Settlement Agreement, ¶A.7.

A.B. Data has completed processing all submitted Proofs of Claimant and hereby submits its administrative determinations accepting and rejecting the Proofs of Claim in preparation for distribution of the Net Settlement Fund to Authorized Claimants. As further described herein, A.B. Data is recommending a total of 244 Proof of Claims with a cumulative Recognized Loss of $558,300 be eligible for distribution and a total of 6,455 Proof of Claims be rejected. Deschamps Decl. ¶¶5-6.

## II. LATE BUT OTHERWISE ELIGIBLE PROOFS OF CLAIM

A.B. Data received 345 Proofs of Claim that were postmarked after the March 27, 2019, claim submission deadline established by the Court. A.B. Data has processed all late Proofs of Claim, and determined that, but for their being submitted after the deadline, 2 of these late Proofs of Claim were eligible to participate in the Settlement (the "Late But Otherwise Eligible Proofs of Claim"), representing Recognized Losses totaling $235. The Recognized Loss for the Late But Otherwise Eligible Proofs of Claim represent less than 1% of the total Recognized Losses of all Proofs of Claim that A.B. Data is recommending for acceptance. A.B. Data has not rejected

any Proof of Claim solely based on its late submission, and A.B. Data believes no delay has resulted from the provisional acceptance of these Late But Otherwise Eligible Proofs of Claim. To the extent these Proofs of Claim are eligible but for the fact that they were late, they are recommended herein for payment. *See In re Authentidate Holding Corp. Secs. Litig.*, No. 05 Civ. 5323 (LTS), 2013 U.S. Dist. LEXIS 11815, at *3 (S.D.N.Y. Jan. 25, 2013) (courts have "inherent power to accept late claims") (citation omitted).

However, there must be a final cutoff date after which no more Proofs of Claim should be accepted for processing and inclusion in the Initial Distribution of the Net Settlement Fund. Accordingly, it is respectfully requested that this Court order that no Proof of Claim received or adjusted in response to a letter regarding a Proof of Claim's deficiencies or ineligibility after February 23, 2020 if any, be eligible for payment. Deschamps Decl. ¶¶27-28

### III. DISTRIBUTION OF THE NET SETTLEMENT FUND

The Long-Form Notice (ECF No. 33-1) contained a Plan of Allocation of the Net Settlement Fund that apportioned a Recognized Loss Amount to Authorized Claimants who: (i) purchased Kobe ADRs or ordinary shares traded on a U.S. exchange during the Class Period, (ii) held qualifying Kobe ADRs or ordinary shares over one or more disclosure dates, and (iii) experienced an out of pocket trading loss on qualifying Kobe ADRs or ordinary shares. *See* Long Form Notice, at 4-6. Because Kobe's share price rebounded toward the end of the Class Period, many Settlement Class Members who would have otherwise been entitled to share in the settlement recovery, but who held their shares through the end of the Class Period, did not have a Recognized Loss under the original Plan of Allocation.

In fact, A.B. Data initially determined that only fifty-four (54) Proof of Claims with a cumulative Recognized Loss of $57,512 were eligible under the initial Plan of Allocation

("Category A"). However, of those 54 claimants, sixteen had a Recognized Loss of less than $10 and pursuant to the Plan of Allocation, only those 38 claimants with a Recognized Loss of at least $10 were to share in the class action recovery. Deschamps Decl., ¶33.

Because the cumulative Recognized Loss would not have dissipated the Net Settlement Fund, Lead Counsel directed A.B. Data to apportion to the 38 remaining Category A claimants 100% of their initial Plan of Allocation Recognized Loss. Those thirty-eight (38) Category A Proofs of Claim had an initial Plan of Allocation Recognized Loss of $57,457. A.B. Data then was instructed to re-calculate a Recognized Loss (the "Revised Recognized Loss") by running the Plan of Allocation based only on the stock price decline on corrective disclosure dates without regard to the bounce-back in price of Kobe securities toward the end of the Class Period. See 15 U.S.C. §78u-4(e)(1). Lead Counsel determined that this was the most equitable manner to distribute the Net Settlement Fund to Settlement Class Members.

Accordingly, at the request of Lead Counsel, the Plan of Allocation was updated for each share of Kobe ADRs purchased or otherwise acquired and retained at the end of March 5, 2018, to only implement 6.(b)(i) of the Plan of Allocation included with the Long-Form Notice, assigning Recognized Loss pursuant to Table-1, and disregarding 6.(b)(ii) the difference between the purchase price per ADR (but in no event greater than $5.92 per ADR; excluding commissions) and $4.98 per ADR if held through April 26, 2018. *Id.*, ¶35.

Based on the Revised Recognized Loss Calculation, A.B. Data determined that a total of 196 Category B claimants with a Revised Recognized Loss of $276,244 would be eligible to receive distributions from the Net Settlement Fund. ¶36. In addition, 34 of the 54 initial eligible claimants realized an increase in their Recognized Loss of $224,554, including twelve of the claimants who had previously had an initial Recognized Loss amount that was less than $10.00

(although 2 of these Proofs of Claim have a cumulative Recognized Loss of less than 2 cents and will remain below the $10 payment threshold).  ¶37.

Assuming that the Court accepts the Revised Recognized Loss calculations, these 228 class members (196 additional claimants plus 32 of the initial claimants, including 10 of the initial claimants who had an initial Recognized Loss of less than $10) will share pro rata in the remaining $231,431 Net Settlement Fund (after payment of 100% of their Recognized Loss under the Initial Plan of Allocation to the 48 Category A Proofs of Claim who were ultimately determined to be above the $10 payment threshold and have a cumulative initial Recognized Loss of $57,502).  Thus, these class members will realize a pro-ration on their Revised Recognized Losses of approximately 46.20% ($231,386/$500,798).

In total there are 16 Authorized Claimants who are only in Category A who will received 100% of their Recognized Loss, 32 Authorized Claimants in both Categories A and B who will receive 100% of their Recognized Loss in Category A and 46.2% of their Recognized Loss in Category B, and 196 Authorized Claimants in Category B who will receive 46.2% of their Recognized Loss.  ¶39.

A total of 6,455 Proofs of Claim are being recommended for rejection.  Exhibits D through F of the Deschamps Declaration provide lists of all Proofs of Claim submitted in connection with the Settlement.  Exhibit D lists all Eligible Proofs of Claim in Category A (the initial Plan of Allocation) and provides each claimant's corresponding Recognized Loss under the Initial Plan of Allocation, Revised Recognized Loss, and the Difference (if any) between the Revised Recognized Loss and the Recognized Loss under the Initial Plan of Allocation.  Exhibit E lists all Eligible Proofs of Claim in Category B (revised Plan of Allocation) and provides each

claimant's corresponding Recognized Loss. Exhibit F lists all rejected Proofs of Claim and the reasons for rejection. *Id.* ¶¶ 32-39.

Upon the issuance of the Court's order authorizing distribution, A.B. Data will conduct the Initial Distribution of the Net Settlement Funds, after deducting all payments approved by the Court, and those requested in Lead Plaintiff's motion, and after deducting any taxes, the costs of preparing appropriate tax returns, and any escrow fees, as detailed in the Deschamps Declaration ¶41.

## IV. THE COURT SHOULD BAR CLAIMS AGAINST THE SETTLEMENT FUND AND THOSE ADMINISTERING THE SETTLEMENT

It is also respectfully requested that No Authorized Claimant shall have any claim against Lead Plaintiff's Counsel or the Claims Administrator based on, or in any way relating to, the distributions from the Net Settlement Fund that have been made substantially in accordance with this Stipulation and any applicable orders of the Court.

## V. PAYMENTS TO THE CLAIMS ADMINISTRATOR

A.B. Data has incurred $52,925 in unpaid fees and expenses to date and estimates that it will incur an additional $12,909 in fees and expenses to complete the Initial Distribution of the Net Settlement Fund, for a total of $65,834, Deschamps Decl. ¶4. Lead Counsel has reviewed those fees and expenses against the Settlement Administrator's contract and initial estimates, and recommends that those amounts be approved by the Court.

## VI. RECORD RETENTION AND DESTRUCTION

Lead Counsel additionally requests that A.B. Data be permitted to destroy paper copies of Claims one (1) year from the time the Settlement Fund is completely exhausted and electronic copies of the same three (3) years after the Settlement Fund is completely exhausted.

**VII. CONCLUSION**

      For the foregoing reasons, Lead Plaintiff respectfully request that the Court enter the Distribution Order submitted herewith.

Dated: New York, New York
March 13, 2020

                                                Respectfully submitted,

                                                **WOLF POPPER LLP**

                                                By: <u>*Robert C. Finkel*</u>
                                                Robert C. Finkel
                                                845 Third Avenue, 12th Floor
                                                New York, NY 10022
                                                Telephone: (212) 759-4600
                                                Facsimile: (212) 486-2093
                                                Email: rfinkel@wolfpopper.com

                                                *Lead Counsel for Lead Plaintiff and the Settlement Class*