# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL AUDE, Individually and on Behalf of All Others Similarly Situated<br><br>Plaintiff,<br><br>vs.<br><br>KOBE STEEL, LTD., HIROYA KAWASAKI, YOSHINORI ONOE, AKIRA KANEKO, and NAOTO UMEHARA,<br><br>Defendants. | Case No.: 1:17-CV-10085-VSB |

## ORDER GRANTING AUTHORIZATION TO DISTRIBUTE THE NET SETTLEMENT FUND

Lead Plaintiff Daniel Aude, through his Counsel, moved this Court for an order approving the Distribution Plan in the above-captioned class action (the "Action"). Having reviewed and considered all the materials and arguments submitted in support of the motion, including the Declaration of Daniel Deschamps in Support of Lead Plaintiff's Motion for Approval of Distribution Plan (the "Deschamps Declaration"):

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Order incorporates by reference the definitions in the Stipulation of Settlement and Release, dated September 21, 2018 (Dkt. No. 25-1) (the "Stipulation"). All terms used herein shall have the same meanings as set forth in the Stipulation, and the Deschamps Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. All of the Claims Administrator's fees and expenses incurred in connection with the administration of the Settlement are approved, and Lead Counsel is directed to pay the currently outstanding balance of $52,925 and the balance of anticipated fees and expenses of $12,909 after the completion of performance of services out of the Settlement Fund to A.B Data.

4. The proposed plan for distributing the Net Settlement Fund (the "Distribution Plan") as set forth in the Deschamps Declaration is APPROVED. Accordingly:

    (a) The administrative recommendations of the Court-approved Claims Administrator, A.B. Data ("A.B. Data" or "Claims Administrator"), to accept the Proofs of Claim, including the Late But Otherwise Eligible Proofs of Claim as set forth in Exhibits D-E to the Deschamps Declaration are adopted;

    (b) The Claims Administrator's administrative recommendations to reject wholly Ineligible Claims as set forth in Exhibit F to the Deschamps Declaration are adopted;

    (c) A.B. Data is directed to conduct an initial distribution (the "Initial Distribution") of the Net Settlement Funds, after deducting all payments approved by the Court, and after payment of the cost of settlement notice and administration, any estimated taxes, the cost of preparing appropriate tax returns, and any escrow fees, as follows:

        (i) A.B. Data will calculate award amounts to all Authorized Claimants in Category A by calculating their corresponding Recognized Loss in accordance with the Court-approved Plan of Allocation.

        (ii) A.B. Data will then calculate award amounts to all Authorized Claimants in Category B by calculating their *pro rata* shares of the Net Settlement Fund less the total award amount calculated pursuant to subparagraph (c)(i) above.

(iii) A.B. Data will conduct the Initial Distribution of the Net Settlement Fund in accordance with the Court's Order.

(iv) to encourage Authorized Claimants to promptly deposit their payments, and to avoid or reduce future expenses relating to uncashed checks, all Initial Distribution checks will bear a notation: "DEPOSIT PROMPTLY; VOID AND SUBJECT TO REDISTRIBUTION IF NOT NEGOTIATED WITHIN 120 DAYS OF DISTRIBUTION."

(v) Authorized Claimants who do not negotiate their Initial Distribution checks within the time allotted or according to the conditions set forth in footnote 6 of the Deschamps Declaration, will irrevocably forfeit all recovery from the Settlement. The funds allocated to all such stale-dated checks will be available for redistribution to other Authorized Claimants in the Second Distribution described below. Similarly, Authorized Claimants who do not negotiate subsequent distributions within the time allotted or according to the conditions set forth in footnote 6 of the Deschamps Declaration will irrevocably forfeit any further recovery from the Settlement.

(d) After A.B. Data has made reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution checks, then, in accordance with the Court-approved Plan of Allocation, if any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, six (6) months after the Initial Distribution, A.B. Data, in consultation with Lead Counsel, will, if cost-effective to do so, redistribute such funds to Authorized Claimants who have cashed their Initial Distribution checks and who would receive at least $10.00 from such redistribution, after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such redistribution.

(e) If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six months after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution, to Settlement Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution.

(f) If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to a non-sectarian non-profit organization or charity selected by Lead Plaintiff's Counsel.

5. Unless otherwise directed by the Court, the Class Administrator shall destroy paper copies of Claims one year from time the Settlement Fund is completely exhausted and electronic copies of the same three years after the Settlement Fund is completely exhausted.

6. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlements, and such other and further relief as this Court deems appropriate.

SO ORDERED.

DATED: March 16, 2020

Vernon S. Broderick
United States District Judge